UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN KEITH COURTNEY, SR.,

    Plaintiff,

v.

    CASE NO. 2:12-cv-10886
    HONORABLE DENISE PAGE HOOD

STEVEN A. REED and
GINA MARIE WEST,

    Defendants.
_____/

## ORDER OF DISMISSAL

Plaintiff Brian Keith Courtney, Sr., is a state prisoner at Lakeland Correctional Facility in Coldwater, Michigan. He has filed a *pro se* complaint against his former wife, Gina Marie West of Hudson, Florida, and attorney Steven A. Reed of Ann Arbor, Michigan.

Plaintiff alleges that he was married to Ms. West and lived with her in Hillsdale, Michigan until he was found guilty of a criminal offense and incarcerated. He subsequently served a complaint for divorce on Ms. West. Instead of answering the complaint, Ms. West contacted defendant Reed and then filed her own complaint for divorce. Mr. Reed represented Ms. West in the Family Division of Washtenaw County Circuit Court, where he and Ms. West allegedly submitted false documents and denied being served with Plaintiff's complaint prior to filing their own complaint. According to Plaintiff, the defendants also falsely stated that all of Plaintiff's assets, which consisted of real estate, a motor vehicle, and personal property, belonged to Ms. West. The state circuit court judge awarded the assets to Ms. West, who sold the property, divided the proceeds with Mr. Reed, and moved

to Florida.

Plaintiff claims that the defendants conspired to defraud him of property and committed a fraud on the state court. He also claims that the defendants deprived him of due process by holding *ex parte* communications with the state court judge, by excluding him from settlement discussions, and by failing to provide him with copies of court documents. He seeks declaratory and injunctive relief.

## I.  Standard of Review

The Court has granted Plaintiff permission to proceed without prepayment of the fees and costs for this action. An indigent prisoner's civil complaint must be dismissed if the complaint (1) is frivolous, malicious, or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).

While a complaint need not contain "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007), conclusory statements will not suffice, and only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 555-56, 127 S. Ct. 1955). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).

## II. Discussion

Plaintiff invokes the Court's jurisdiction under the diversity-of-citizenship statute, which grants federal district courts original jurisdiction of civil actions between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Diversity of citizenship, however, "requires complete diversity between all plaintiffs on one side and all defendants on the other side." *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 664 (6th Cir. 2004) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996)). In addition, the matter in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

The amount in controversy here is $58,500: $35,000 in real estate; $3,500 for a motor vehicle; and $20,000 in personal property. Further, defendant Reed is a citizen of Michigan, as is Plaintiff. Plaintiff has failed to establish complete diversity of citizenship and the requisite statutory amount. Thus, the Court lacks jurisdiction under 28 U.S.C. § 1332(a).

Plaintiff also invokes the Court's federal question jurisdiction. Under 28 U.S.C. § 1331, "[t]he district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff seeks relief under 42 U.S.C. §§ 1983 and 1985, claiming that the defendants violated his constitutional right to due process and conspired against him.

"In a § 1983 action, the plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States *caused by a person acting under color of state law*." *Westmoreland v. Sutherland*, 662 F.3d 714, 718 (6th Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55,101 L. Ed. 2d 40 (1988)) (emphasis

added). Neither of the defendants in this action are state actors. Ms. West is a private citizen and Plaintiff's former wife. "An ex-wife, even when an ex-wife acts with her divorce attorney(s), is not a state actor." *Milgrom v. Burstein*, 374 F. Supp. 2d 523, 527 (E.D. Ky. 2005).

Defendant Reed is a private party who acted as Ms. West's attorney in the divorce proceedings. Plaintiff has not alleged or otherwise demonstrated that Mr. Reed was performing a traditional public function, that the state coerced or encouraged Reed's action, or that Reed entered into an agreement with a state actor to violate Plaintiff's constitutional rights. Therefore, Plaintiff has failed to show that Reed acted under color of state law. *Brown v. Lewis*, 361 F. App'x 51, 54 (11th Cir.), *cert. denied*, __ U.S. __, 130 S. Ct. 3521, 177 L. Ed. 2d 1094 (2010). Because the defendants are not state actors, Plaintiff has failed to prove the "color of state law" element of a civil rights action.

### III.  Conclusion

Plaintiff's allegations lack an arguable basis in law and fail to state a plausible claim for which relief may be granted. Accordingly, the complaint is summarily **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

IT IS FURTHER ORDERED that an appeal from this decision could not be taken in good faith and therefore may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962);

*McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: April 30, 2012

I hereby certify that a copy of the foregoing document was served upon Brian Courtney #444293, 141 First Street, Coldwater, MI 49036 and counsel of record on April 30, 2012, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager